```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN

ROBERT KASSNER d/b/a ISLAND         )
MARINE AND INDUSTRIAL SERVICES,     )
                                    )
            Plaintiff,              )
                                    )    Civil No. 16-83
            v.                      )
                                    )
MICHAEL ROY SWIFT; MIKE'S           )
CHARTER, LLC, S/V RESTLESS HEART    )
a/k/a SALVATION, Her Engine,        )
Tackle, Rigging, Apparel, and       )
Appurtenances;                      )
            Defendant.              )
                                    )
                                    )
_____ )
```

**APPEARANCES:**

**Lisa Michelle Komives**
**Gregory H. Hodges**
Dudley Topper & Feuerzeig
St. Thomas, USVI
   *For Robert Kassner d/b/a Island Marine and Industrial Services,*


**Adam Nicholas Marinello**
**Mark Alan Kragel**
Bolt Nagi PC
St. Thomas, USVI
   *For Michael Roy Swift; Mike's Charter, LLC; S/V/ Restless Heart;*


**Patricia L. Washington**
   *Pro se.*

# ORDER

**GÓMEZ, J.**

Before the Court is the Motion to be Heard and Motion to Dismiss of Patricia L. Washington. Also before the Court is the Motion of Robert Kassner d/b/a Island Marine and Industrial Services to Strike the Motion to be Heard and Motion to Dismiss.

At all times relevant to this matter, Patricia Lynn Washington ("Washington") was the Master and Captain of the Restless Heart, a 43.1 foot sailing vessel. During the evening of January 16, 2016, while Washington was navigating the Restless Heart, the Restless Heart's engine failed. The vessel became stuck in sand near Benner Bay in St. Thomas, U.S.V.I. Thereafter, Washington contacted Robert Kassner d/b/a Island Marine and Industrial Services ("Kassner") to request his assistance recovering the Restless Heart. Kassner agreed to assist Washington in recovering the vessel.

After several attempts, Kassner was ultimately able to free the vessel from the sand and tow it to a dock the next day. Kassner and Washington both attempted to contact the Restless Heart's owner, Michael Roy Swift ("Swift"). Swift did not return their calls or otherwise respond to their messages. Subsequently, Kassner posted several notices in the Virgin Islands Daily News identifying the Restless Heart as an

abandoned vessel. The notices yielded no responses. Since recovering the Restless Heart, Kassner has stored and maintained the vessel.

On October 17, 2016, Kassner filed a verified complaint in this Court. Kassner's Complaint seeks in rem relief against the Restless Heart itself, as well as in personam relief against Swift and Swift's company, Mike's Charter, LLC ("Mike's Charter"). Kassner's complaint alleged three counts: salvage, maritime lien, and unjust enrichment.

On October 19, 2016, the Magistrate Judge issued a warrant for the maritime arrest of the Restless Heart. The United States Marshals executed the warrant on October 21, 2016, and arrested the vessel.

On November 4, 2016, Washington filed a document captioned "Answer to Complaint." That document alleged that Washington has a lien on the Restless Heart for crew wages and asserts a "Counterclaim and Joinder Claim" asking the Court to both (1) dismiss the Kassner action; and (2) join Washington as a party to Kassner's complaint.

On November 23, 2016, Kassner moved to strike Washington's answer. On December 16, 2016, the Magistrate Judge granted Kassner's motion. The Magistrate held that Washington had failed to comply with the Court's local rules governing admiralty cases

and the Federal Rules of Civil Procedure. Accordingly, the Magistrate struck Washington's answer, as well as several motions Washington had filed, from the record.

On December 21, 2016, Washington filed a document titled "Respondent's Motion to be Heard, and Motion to Dismiss" (the "motion to dismiss"). ECF No. 54. It is unclear to the Court what exact relief Washington seeks. It appears that Washington asserts that Kassner has violated the Federal Rules of Civil Procedure. It also appears that Washington argues that said violations should compel the Court to dismiss Kassner's complaint. On January 9, 2017, Kassner filed a motion to strike the motion to dismiss.

As the Court has explained to Washington on multiple occasions, there are certain procedures someone must follow if they wish to be a part of a given lawsuit. *See* ECF No. 49 (Magistrate Judge's December 16, 2016, order granting a motion to strike Washington's previous filings in this matter); *Washington v. Swift*, Case No. 3:16-cv-00090 (D.V.I. June 8, 2017)(slip op.)(dismissing Washington's claims in a related matter for failure to comply with the Court's local rules and the Federal Rules of Civil Procedure).

When an individual has already claimed a lien against a vessel,

> [a]nother party claiming a lien on the vessel "that is subject of the action must file a verified statement of right or interest" with the court that "describe[s] the interest in the property that supports the person's demand for its restitution." Rule C(6)(a)(i)-(ii). Further, within 21 days of filing their statement of interest or right, that party must serve an answer to the original complaint. Rule C(6)(a)(iv).
>
> Local Rule of Admiralty E.10 (LRA E.10) provides further instruction to third parties asserting an interest in a vessel that has already been arrested in an in rem action. Under LRA E.10, "[w]hen a vessel . . . has been arrested . . . and is in the hands of the marshal or custodian substituted therefore, anyone having a claim against the vessel . . . is required to present the claim as an intervening complaint under Fed. R. Civ. P. 24. . . .

*Washington v. Swift*, Case No. 3:16-cv-00090, at *7-8 (D.V.I. June 8, 2017)(slip op.).

As of the filing of the motion to dismiss, Washington has not complied with the applicable procedures to bring her claim.[1] "This procedural posture is inconsistent with the requirements of" the local rules and Federal Rules of Civil Procedure. *Id.* at *8. As such, the Court shall strike the motion to dismiss.

---

[1] The Court acknowledges that Washington has filed a new motion to intervene in this matter. At this time, the Court does not offer an opinion on said motion. If the motion is granted, and Washington has complied with the applicable rules of procedure, then Washington may renew her motion at said time.

The premises considered, it is hereby

**ORDERED** that Robert Kassner's motion to strike[58] is hereby **GRANTED;** and it is further

**ORDERED** that the document entitled "Motion to be Heard and Motion to Dismiss"[54] is hereby **STRICKEN.**

S\_____
**CURTIS V. GÓMEZ**
**District Judge**